# EXHIBIT A

Summons - Alias Summons (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ANNA DOBROWOLSKI

v.

INSTANT CHECKMATE, INC.

No. 2017-CH-00993

Defendant Address:
INSTANT CHECKMATE, INC.
R/A NATIONAL REGISTERED AGENTS, INC.
160 GREENTREE DR
STE 101
DOVER, DE 19904

☑ SUMMONS  ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802, Chicago, Illinois 60602
☐ District 2 - Skokie         ☐ District 3 - Rolling Meadows    ☐ District 4 - Maywood
   5600 Old Orchard Rd.          2121 Euclid 1500                  Maybrook Ave.
   Skokie, IL 60077               Rolling Meadows, IL 60008         Maywood, IL 60153
☐ District 5 - Bridgeview    ☐ District 6 - Markham            ☐ Richard J. Daley Center
   10220 S. 76th Ave.            16501 S. Kedzie Pkwy.            50 W. Washington, LL-01
   Bridgeview, IL 60455          Markham, IL 60428                 Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☐ Atty. No.: 44146
Name: KAMBER EDELSON LLC
Atty. for: ANNA DOBROWOLSKI
Address: 350 N LASALLE 1300
City/State/Zip Code: CHICAGO, IL 60654
Telephone: (312) 589-6370
Primary Email Address: ascharg@edelson.com
Secondary Email Address(es):

Witness: Monday, 23 January 2017

DOROTHY BROWN, Clerk of Court

Date of Service: 1/27/17
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 1 of 1

ELECTRONICALLY FILED
1/23/2017 4:13 PM
2017-CH-00993
CALENDAR: 08
PAGE 1 of 13
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
# COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ANNA DOBROWOLSKI, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>INSTANT CHECKMATE, INC., a Delaware corporation,<br><br>*Defendant*. | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Anna Dobrowolski brings this class action complaint against defendant Instant Checkmate, Inc. ("Defendant" or "Instant Checkmate"), to put an end to its unlawful practice of using the names and identities of Illinois residents without their consent to promote its service. Plaintiff, on behalf of herself and all others similarly situated, alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her own attorneys.

## NATURE OF THE ACTION

1. Defendant Instant Checkmate is an online service that sells reports about people containing "detailed and important information on just about anyone" to anybody willing to pay for them.[1] Instant Checkmate encourages consumers to purchase its reports to "discover truths, expose lies, and get the real story about the people in your life."[2] These reports are based upon information compiled from "multiple data sources" including information obtained from

---

[1] *Frequently Asked Questions*, Instant Checkmate, https://www.instantcheckmate.com/faqs/ (last visited Jan. 23, 2017).
[2] *Public Records Search Service*, Instant Checkmate, https://www.instantcheckmate.com/ (last visited Jan. 23, 2017).

1

ELECTRONICALLY FILED
1/23/2017 4:13 PM
2017-CH-00993
PAGE 2 of 13

"millions of public records."[3]

2. To sell more reports, Instant Checkmate displays paid advertisements to every consumer that searches a person's name on Google, Bing, or Yahoo. These advertisements all feature the same alluring headline—"[the person's name] Located"—and are designed to give the appearance that the reports contain valuable information about the person including, his or her arrest records, background check, phone number, and address.

3. In reality, however, these advertisements are auto-generated using a tactic called Dynamic Keyword Insertion, which Instant Checkmate uses to automatically trigger the display of the "[ ] Located" ads and to replace the "[ ]" with the first and last name that was typed into the search bar. Thus, although Instant Checkmate creates the impression that it "Located" somebody, all it did was plug the name of the person searched on Google, Bing, or Yahoo into its otherwise generic advertisement.

4. The reason that Instant Checkmate prominently features people's names in its advertisements is to draw attention to its products and create a sense of alarm and urgency in the hopes that the targeted consumer will purchase a report. In other words, Instant Checkmate uses people's names in its advertisements as a marketing ploy.

5. Unsurprisingly, none of the people appearing in these advertisements provided Instant Checkmate with their consent (written or otherwise) to use their names for any reason, let alone for marketing purposes.

6. By using Illinois residents' full names in its paid advertisements without their consent for its commercial gain, Instant Checkmate violated—and continues to violate—the

---

[3] *Frequently Asked Questions*, Instant Checkmate, https://www.instantcheckmate.com/faqs/ (last visited Jan. 23, 2017).

2

ELECTRONICALLY FILED
1/23/2017 4:13 PM
2017-CH-00993
PAGE 3 of 13

Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq.*

## PARTIES

7. Plaintiff Anna Dobrowolski is a natural person and a citizen of the State of Illinois.

8. Defendant Instant Checkmate, Inc., is a corporation existing under the laws of Delaware with its principal place of business located at 3111 Camino Del Rio N., Suite 400, San Diego, California 92108.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 735 ILCS 5/2-209 because Defendant conducts business transactions in Illinois and has committed tortious acts in Illinois.

10. Venue is proper in Cook County under 735 ILCS 5/2-101 because Defendant is a nonresident of the State, and thus, the action may be commenced in any county.

## COMMON FACTUAL ALLEGATIONS

*The Illinois Right of Publicity Act*

11. In 1999, the Illinois Legislature recognized that every individual has the "right to control and choose whether and how [his or her] identity [is used] for commercial purposes," 765 ILCS 1075/10, and as a result, passed the IRPA to protect individual property rights and prevent the exploitation of individuals' identities for another's commercial gain.

12. The Act protects individuals from unauthorized use of *any* of their attributes, including but not limited to, their names, signatures, photographs, images, likenesses, or voices in the sale or advertisement of goods, merchandise, products, and services.

13. In fact, the IRPA states that "a person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written

3

ELECTRONICALLY FILED
1/23/2017 4:13 PM
2017-CH-00993
PAGE 4 of 13

consent from the appropriate person...." 765 ILCS 1075/30. Notably, the IRPA does not require the person seeking relief under the Act to be a public figure.

### *A Brief Overview of Instant Checkmate*

14. Instant Checkmate owns and operates a website that "aggregate[es] public records from all over the United States" and compiles them into "a single, easy-to-read report."[4] Instant Checkmate compiles its reports in part from multiple data sources and "millions of public records including information provided by state and local governments."[5]

15. The reports must be purchased from its website, and according to Instant Checkmate, may include high value information including, *inter alia*, "phone numbers, addresses, contact information, previous arrests, criminal convictions, traffic citations, sex offender status, and much more."[6]

16. Instant Checkmate displays a number of membership offers on its website, including a month-to-month membership (30 days of unlimited access) for $34.78 and a "Power Users" membership (three months of unlimited access) for $83.47.

17. Instant Checkmate heavily promotes its products and services through online targeted advertising using the "pay-per-click" model ("PPC"). PPC advertising allows Instant Checkmate to display a paid advertisement on a search engine result page (like Google or Bing) whenever a search is performed that includes a person's first and last name.

---

[4] *Frequently Asked Questions*, Instant Checkmate, https://www.instantcheckmate.com/faqs/ (last visited Jan. 23, 2017).
[5] *Id.*
[6] *Id.*

4

ELECTRONICALLY FILED
1/23/2017 4:13 PM
2017-CH-00993
PAGE 5 of 13

### *Instant Checkmate Features People's Full Names in its Advertisements*

18. According to Google, "[n]owadays, more and more personal information surfaces on the web. For example, some of your friends might mention your name on a social network or tag you on online photos, or your name could appear in blog posts or articles."[7] To discover personal information (or more information in general), individuals often look up names using a search engine. Notably, employers rely on this method to screen potential employees.[8]

19. When a person searches for a name using a search engine, two types of search results are returned: organic and paid.

20. The organic results appear according to the search engine's algorithm that selects and sorts websites according to hundreds of factors, including the website's credibility, popularity, and its relevance to the search terms. Search engines call these results "organic" because they naturally generate them. Companies do not pay the search engines to have their websites displayed. Here, the algorithm selects websites that contain the searched individual's name on its website (*i.e.*, the website's title, headings, and body paragraphs). For example, organic search results may include links to an individual's social media pages.

21. The paid results, however, appear because some companies (such as Instant Checkmate) pay the search engine to display their advertisements. Here, Instant Checkmate pays search engines like Google and Bing to display its advertisements when a person searches for a person's name. These advertisements appear on the top, bottom, or side of the search result page and often contain an "Ad" icon indicating that a company paid for that result.

---

[7] *Manage your online reputation - Accounts Help*, Google, https://support.google.com/accounts/answer/1228138?hl=en (last visited Jan. 23, 2017).
[8] Susan P. Joyce, *What 80% Of Employers Do Before Inviting You For An Interview* | The Huffington Post (March 1, 2014, 7:45 AM), http://www.huffingtonpost.com/susan-p-joyce/job-search-tips_b_4834361.html (last visited Jan. 23, 2017).

5

ELECTRONICALLY FILED
1/23/2017 4:13 PM
2017-CH-00993
PAGE 6 of 13

22. Instant Checkmate's advertisements appear among the paid search results. The defining feature of Instant Checkmate's advertisement is the alluring use of the searched person's full name (*e.g.*, Anna Dobrowolski). Specifically, Instant Checkmate's advertisements represent that "[searched person's full name] Located." *See* Figure 1, below, which shows Instant Checkmate's advertisements displayed on Yahoo in response to a search for "Anna Dobrowolski."

> **Anna Dobrowolski Located**
> www.InstantCheckmate.com
> Background Check, Arrest Records, Phone, &
> Address. Instant, Accurate.

(**Figure 1**)

23. To create the advertisement above, Instant Checkmate uses a method called Dynamic Keyword Insertion to plug the first and last name of any person searched into its otherwise generic advertisement. This technique is used to create targeted advertisements that appear to respond directly what was searched. Accordingly, Instant Checkmate misleads people to believe it "located" the searched person—even if Instant Checkmate does not have a report (or any information) on that individual.

24. In this way, each and every one of the advertisements at issue are false and misleading because Instant Checkmate didn't actually conduct a search of any kind or take any steps to determine whether it could find the person it claimed to locate. Instead, it simply used Dynamic Keyword Insertion to copy the person's full name from the search bar and insert it into its advertisement.

25. Once a person clicks on one of the advertisements, Instant Checkmate directs him or her to its website. Then, Instant Checkmate begins the process of searching for the individual

6

it ostensibly has already "located." As shown in Figure 2, Instant Checkmate ultimately displays an offer to purchase one of its memberships: either a 30-day membership for $34.78 or a three-month membership for $83.47.



(**Figure 2**, redacted to protect the individual's privacy)

ELECTRONICALLY FILED
1/23/2017 4:13 PM
2017-CH-00993
PAGE 7 of 13

26. In this way, Instant Checkmate misappropriated people's full names for its own commercial benefit (to market and promote its products and services). Instant Checkmate does this to trick people into clicking on its advertisements and purchasing a report *because it purports to have valuable personal information on the exact person they are searching for online*.

27. Most importantly, Instant Checkmate never obtained written consent from Plaintiff and Class members to use their names for any reason, let alone for commercial purposes. Defendant never notified Plaintiff and Class members that their names would appear in its paid-for search engine advertisements. Moreover, Plaintiff and the Class members have no relationship with Instant Checkmate.

28. Plaintiff, on behalf of herself and a Class of similarly situated Illinois residents,

7

ELECTRONICALLY FILED
1/23/2017 4:13 PM
2017-CH-00993
PAGE 8 of 13

seeks relief for Instant Checkmate's violation of the IRPA, including (1) an injunction requiring Instant Checkmate to cease using Illinois residents' names in advertisements, (2) the greater of an award of actual damages, including profits derived from an unauthorized use of individuals' names, or statutory damages to Plaintiff and the Class members, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF DOBROWOLSKI

29. On or around January 2017, Plaintiff Anna Dobrowolski discovered that Instant Checkmate uses her name in advertisements on major search engines (including Google, Bing, and Yahoo) to encourage consumers to visit its website and purchase personal reports about her.

30. Although Instant Checkmate created numerous advertisements across several search engines, the advertisements are substantially the same, with all featuring Dobrowolski's full name and stating, "Anna Dobrowolski Located." (*See* Figure 1.)

31. When a consumer clicks on one of these advertisements, it directs him or her to Instant Checkmate's website, where it offers to sell memberships to access a report about Dobrowolski. *See e.g.*, Figure 2.

32. Dobrowolski never provided Instant Checkmate with her written consent (or consent of any kind) to use any attribute of her identity for commercial purposes, and certainly never authorized Instant Checkmate to use her full name in paid search advertisements for its website and reports.

33. Plaintiff Dobrowolski is not and has never been an Instant Checkmate customer. She has no relationship with Instant Checkmate whatsoever.

8

## CLASS ALLEGATIONS

34. **Class Definitions**: Plaintiff Anna Dobrowolski brings this action pursuant to 735 ILCS 5/2-801 on behalf of herself and a Class defined as follows:

> All Illinois residents (1) whose names were displayed in one or more Instant Checkmate advertisement(s) on Google, Bing, or Yahoo, and (2) who have never purchased any products or services from Instant Checkmate.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

35. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Class members can be identified through Defendant's records.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

  A. Whether Instant Checkmate used Plaintiff's and Class members' names and identities in advertisements for its own commercial benefit;

  B. Whether Plaintiff and Class members provided their written consent to Instant Checkmate to use their names and identities in advertisements;

ELECTRONICALLY FILED
1/23/2017 4:13 PM
2017-CH-00993
PAGE 9 of 13

9

ELECTRONICALLY FILED
1/23/2017 4:13 PM
2017-CH-00993
PAGE 10 of 13

      C.      Whether the conduct described herein constitutes a violation of the Illinois Right of Publicity Act 765 ILCS 1075/1 *et seq.*; and

      D.      Whether Plaintiff and the Class are entitled to injunctive relief.

37.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

38.    **Appropriateness**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**CAUSE OF ACTION**
**Violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.***
**(On behalf of Plaintiff and the Class)**

39.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40. The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1 *et seq.*

41. Defendant sells detailed profile reports about people.

42. In order to promote those reports, Instant Checkmate used Plaintiff's and Class members' full names in its paid search engine advertisements. As described above, when a person's full name is searched on Google, Bing, or Yahoo, Instant Checkmate automatically displays an advertisement featuring the searched person's full name.

43. Instant Checkmate's advertisements have a commercial purpose in that the online advertisements promote the Instant Checkmate website and the reports it sells to the public.

44. Plaintiff and members of the Class never provided Instant Checkmate with their written consent to use their full names (or any attribute of their identity) in advertisements for Instant Checkmate. Instant Checkmate never notified Plaintiff and Class members that their names would be used in commercial advertisements.

45. Instant Checkmate deprived Plaintiff and Class members of control over whether and how their names can be used for commercial purposes.

46. Based upon Instant Checkmate's violation of the Illinois Right of Publicity Act, Plaintiff and Class members are entitled to (1) an injunction requiring Instant Checkmate to cease using Plaintiff's and members of the Class's names and any attributes of their identities to advertise its products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff's and Class's names and identities) or statutory damages of $1,000 per violation to the members of the Class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40–55.

ELECTRONICALLY FILED
1/23/2017 4:13 PM
2017-CH-00993
PAGE 11 of 13

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays that the Court enter an Order:

A. Certifying the Class as defined above, appointing Anna Dobrowolski as Class Representative, and appointing her counsel as Class Counsel;

B. Declaring that Instant Checkmate's actions described herein constitute a violation of the Illinois Right of Publicity Act;

C. Awarding injunctive and other equitable relief as necessary to protect the interest of the Class, including, *inter alia*, prohibiting Instant Checkmate from engaging in the wrongful and unlawful acts described herein;

D. Awarding the greater of actual damages, including the profits derived from the unauthorized use of same, or statutory damages in the amount of $1,000 per violation of the members of the Class;

E. Awarding punitive damages where applicable;

F. Awarding Plaintiff and the Class their litigation expenses and attorneys' fees;

G. Awarding Plaintiff and the Class pre- and post-judgment interest; and

H. Granting such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all matters that can be so tried.

ELECTRONICALLY FILED
1/23/2017 4:13 PM
2017-CH-00993
PAGE 12 of 13

ELECTRONICALLY FILED
1/23/2017 4:13 PM
2017-CH-00993
PAGE 13 of 13

Dated: January 23, 2017

Respectfully Submitted,

**ANNA DOBROWOLSKI**, individually and on behalf of all others similarly situated,

By: Ari J. Scharg
    One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
Ari J. Scharg
ascharg@edelson.com
EDELSON PC
350 N. LaSalle St. 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
Firm ID: 44146

*Attorneys for Plaintiff and the Class*

13

ELECTRONICALLY FILED
2/7/2017 11:36 AM
2017-CH-00993
CALENDAR: 08
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

## AFFIDAVIT OF SERVICE

Court: IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

Case No.: 2017 CH 00993

Plaintiff: Anna Dobrowolski, individually and on behalf of all others similarly situated
vs.
Defendant: Instant Checkmate, Inc., a Delaware corporation

I, __Sharlene Ryan__, being duly sworn on oath, depose and say the following:

I am over the age of 18, not a party to this action, and an employee/agent of Elite Process Serving and Investigations, Inc., a licensed private detective agency, license number 117-001199. I further acknowledge that I am authorized to effectuate service of process in the State of __Delaware__.

Type of Process: **Preservation Letter Dated January 25, 2017, Summons and Class Action Complaint and Demand for Jury Trial**

Defendant to be served: **Instant Checkmate, Inc., c/o National Registered Agents, Inc.**

Address where attempted or served: **160 Greentree Drive, Suite 101, Dover, DE 19904**

On __1/27/2017__ at __3:35 PM__, I (✓) Served ( ) Non-served the within named defendant in the following manner:

☐ INDIVIDUAL SERVICE: By delivering a copy of this process to the within named Defendant personally.

☑ CORPORATE SERVICE: By leaving a copy of this process with __Frances Burris__
(Title) __Managing Agent__, a person authorized to accept service and informed the person of the contents thereof.

☐ SUBSTITUTE SERVICE: By leaving a copy of this process at his/her usual place of abode with _____ (Relationship) _____, a person residing therein who is the age of 13 years or upwards and informed that person of the contents thereof and that further mailed a copy of this process in a sealed envelope with postage paid addressed to the defendant at his/her usual place of abode on _____, 2017.

☐ NON SERVICE: I have been unable to effect service because of the following reason(s):
_____
_____

Description of person process was left with:

Sex: __Female__ Race: __Hispanic__ Hair: __Brown__ Approx. Age: __35__ Height: __5'8"__ Weight: __200 lb__

Comments: _____

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

FURTHER AFFIANT SAYETH NOT.

X _____
Sharlene Ryan
(Print Name)

State of __Delaware__
County of __New Castle__

Subscribed and Sworn to before me on this
__30__ day of __January__, 20__17__.

_____
Signature of Notary Public

[Notary Seal: KIMBERLY J. RYAN, COMMISSION EXPIRES APRIL 28, 2020, NOTARY PUBLIC, STATE OF DELAWARE]

Job: 356563
File: